UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Matthew Travis Houston, | Case No.: 2:21-cv-00499-JAD-DJA |
| Plaintiff | |
| v. | **Order Adopting Report and Recommendation and Dismissing Case** |
| Golden Entertainment, et al., | [ECF Nos. 32, 45] |
| Defendants | |

Pro se plaintiff Matthew Travis Houston is an inmate at Nevada's High Desert State Prison and a prolific litigant. He commenced this action in March 2021 as an "objection" to a class-action settlement notice he received in an action against Golden Entertainment.[1] A year later, he filed an "Amended Civil Rights Complaint" against more than a dozen targets unrelated to the Golden Entertainment class action.[2]

Houston did not pay the filing fee, and he seeks to proceed *in forma pauperis* (ifp).[3] His first three applications were denied as incomplete or inappropriate, and he was given leave (and further instructions) for submitting a fourth application or paying the fee.[4] The magistrate judge cautioned Houston that "[f]ailure to comply with this order will result in a recommendation to the District Judge that this action be dismissed. **This will be Plaintiff's last opportunity to file a complete application to proceed *in forma pauperis* or pay the filing fee**."[5] When that fourth

---

[1] ECF No. 1-1.
[2] ECF No. 3.
[3] ECF Nos. 22, 28, 29, 31 (ifp applications).
[4] ECF Nos. 25, 30 (orders denying ifp applications).
[5] ECF No. 30 at 2.

application was still woefully deficient, the magistrate judge denied it, too, and entered a report and recommendation to dismiss this action.[6]

Although Houston filed a document entitled "Notice of Formal Objection as Emergency Interpleadings of Factual Merit and Motion to Compel in Regards to" that recommendation,[7] this document does not address—let alone explain or attempt to cure—the deficiencies in the ifp application. Instead, it is a largely incoherent and difficult-to-decipher collection (mostly) of filings from other legal actions. While the report and recommendation and Houston's objection remained pending before this court, Houston filed a fifth ifp application.[8] The magistrate judge denied it as unintelligible and rife with delusional answers.[9]

District courts have the inherent power to control their dockets and, "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[10] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[11] In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[12]

---

[6] ECF No. 32.

[7] ECF No. 35.

[8] ECF No. 37 (fifth ifp application).

[9] ECF No. 38.

[10] *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[11] *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissing for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissing for lack of prosecution and failure to comply with local rules).

[12] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone,* 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[13] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[14] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[15] Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to give Houston yet another chance to try again and hope that his sixth try yields a complete, sensical ifp application. But the largely unintelligible nature of Houston's filings in this action to date suggests that this approach will only delay the inevitable and further squander the court's finite resources. So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they tip heavily in favor of dismissal. IT IS THEREFORE ORDERED that the magistrate judge's report and

---

[13] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[14] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[15] *Henderson*, 779 F.2d at 1424.

recommendation **[ECF No. 32] is ADOPTED** in its entirety. **This case is DISMISSED.** The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE. And because this order terminates this case, all pending motions **[ECF No. 45] are DENIED without prejudice and as moot.**

    If Houston desires to proceed with his claims, and they are not duplicative of claims he has pending in another action, he must file a new lawsuit and either pay the filing fee or submit a complete application to proceed *in forma pauperis* in that new case.

_____
U.S. District Judge Jennifer A. Dorsey
December 7, 2022